## Moran v. McClellan

*Joseph K. Bonidy,* for plaintiff.
*Christ Walthour,* for D. Emmert Brumbaugh.
*Avra N. Pershing,* for R. K. McClellan.

MIHALICH, J., September 20, 1973.—This action arises from an automobile accident on October 6, 1971. Defendant, R. K. McClellan, was the operator of the second vehicle and Brumbaugh was a passenger in McClellan's vehicle. Plaintiff filed his complaint on July 21, 1972, and defendant Brumbaugh filed preliminary objections in the nature of a demurrer, averring that the complaint failed to set forth a cause of action against him. By an order dated February 27, 1973, the court allowed plaintiff 20 days to file an amended complaint setting forth specific factual acts of defendant Brumbaugh, so as to establish actionable negligence.

Thereafter, on March 20, 1973, plaintiff filed an

amended complaint alleging the negligence of Brumbaugh as follows:

He had a right to share in the control of the operation of the vehicle operated at the time by defendant, R. K. McClellan, and did then and there exercise control over the operation of said vehicle at the time of the accident.

Defendant Brumbaugh then filed preliminary objections in the nature of a demurrer again averring that a cause of action was not made out against Brumbaugh since only conclusions of law rather than specific factual acts of negligence were pleaded.

The court has reviewed the recent case of Smalich et al. v. Westfall, 440 Pa. 409, 269 A. 2d 476, wherein the court states, at page 417:

"All that we now hold is that the character of the relationship created by the parties must be determined from their express agreement or from the circumstances, which may be disclosed at trial."

The court believes that the amended complaint does set forth allegations of actionable negligence by alleging that defendant Brumbaugh did exercise control over the operation of the vehicle. Plaintiff, of course, still has the burden of proof as delineated by the Smalich case but burden of proof must be met at trial, not in the pleadings.

For the above reason, the court will enter the following

## ORDER

And now, September 20, 1973, it is hereby ordered, adjudged, and decreed that the preliminary objections in the nature of a demurrer are dismissed. Defendant Brumbaugh is given 20 days to file an answer to the amended complaint.